United States District Court
Southern District of Texas
ENTERED

AUG 1 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROY EDWARD CANTU, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION B-98-75 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

### I. INTRODUCTION

On August 3, 2005, Petitioner, Roy Edward Cantu (hereinafter "Cantu") filed a Motion under Rule 60(b)(6) for Lack of Subject Matter Jurisdiction. (Criminal Docket No. 107). For the following reasons, it is recommended that Petitioner's Motion be **DISMISSED without prejudice.**

### II. BACKGROUND[1]

Cantu was indicted by a Grand Jury on two counts of racketeering activity in violation of the Racketeer Influenced Corrupt Organization ("RICO") statute. (Criminal Docket No. 1). On April 20, 1998, after a jury trial, Cantu was found not guilty on Count One (substantive RICO violation under 8 U.S.C. § 1962(c)) and guilty on Count Two (RICO conspiracy violation under 18 U.S.C. § 1962(d)). (Criminal Docket No. 71). He was sentenced to a term of 224 months imprisonment followed by a five year of supervised release. (Criminal Docket No. 80).

On August 18, 2003, Cantu filed a motion to vacate pursuant to 28 U.S.C. § 2255,

---

[1] The following facts are derived from Criminal Action No. B-98-75 and Civil Action No. B-03-147

-1-

requesting post conviction relief for violations of his Fifth and Sixth Amendment rights, Civil

Action No. B-03-147. On January 26, 2004, the district judge denied Cantu's motion. (Civil

Docket No. 9).

On February 20, 2004, Cantu filed a Notice of Appeal/Certificate of Appealability (Civil

Docket No. 10) in response to the district court's dismissal of his petition which was

subsequently denied. (Civil Docket No. 14). Cantu filed a notice of appeal on May 25, 2004 in

which the Fifth Circuit Court of Appeals denied his COA. (Civil Docket No. 16). On August 3,

2005, Cantu filed a Motion under Rule 60(b)(6) for Lack of Subject Matter Jurisdiction.

(Criminal Docket No. 107).

## III. DISCUSSION

In his motion, Cantu raises a constitutional challenge to his sentence. Specifically, he

asserts that this court vacate his sentence and resentence him pursuant to *Apprendi*[2] and *Booker*[3].

Since his subsequent motion challenges his sentence on the basis of the Supreme Court's recent

decision, Cantu must obtain permission from the court of appeals to file a successive motion.

Under 28 U.S.C. §2244(b)(3)(A) and 28 U.S.C. §2255, as amended by the Antiterrorism

and Effective Death Penalty Act (hereinafter "AEDPA") of 1996, provides that a second or

successive motion filed by a person attacking a sentence under §2255 must be certified by a

panel of the appropriate court of appeals before it can be heard in the district court.

Since Cantu filed a previous §2255 Motion which was denied, this court lacks

jurisdiction to consider the present motion unless leave to file is granted by the Fifth Circuit

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

[3] *US v. Booker*, 125 S. Ct. 738, 769 (2005).

Court of Appeals. *U.S. v. Key*, 205 F.3d 773, 774 (5ᵗʰ Cir. 2000).  Therefore, his motion should be dismissed without prejudice.

## IV.  RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's Motion be **DISMISSED without prejudice**.  (Criminal Docket No. 107).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5ᵗʰ Cir. 1996).

DONE at Brownsville, Texas, this __16__ day of August, 2005.

John Wm. Black
United States Magistrate Judge

-3-